# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2164
_____

United States of America

*Plaintiff - Appellee*

v.

Cameron McGhee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 15, 2025
Filed: October 16, 2025
[Unpublished]
_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After Cameron McGhee pled guilty to two counts of cyberstalking, in violation of 18 U.S.C. §§ 2261A(2) and 2261(b)(5), and one count of threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(1)(4), the district

court[1] sentenced him to 60 months' imprisonment, to be followed by a three-year term of supervised release. McGhee appeals, arguing that the district court imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

McGhee's conviction arises from threats he sent to retired United States Air Force member D.W. and D.W.'s wife, S.W. McGhee was indicted, arrested, and taken into custody for making these threats. While in custody, McGhee threatened Federal Bureau of Investigation Special Agent J.D., and the Government filed a Superseding Indictment against McGhee, adding a count for threatening a federal official. McGhee pled guilty via a written plea agreement to the three-count Superseding Indictment. The plea agreement provided that "either party may request a sentence above or below the U.S. Sentencing Guidelines range" and the Government stated its intention to "request an above-guidelines sentence."

At sentencing, the district court adopted the Presentence Investigation Report (PSR). The PSR calculated McGhee's total offense level as 20 and his criminal history as Category I, resulting in a Guideline range of 33 to 41 months' imprisonment. The district court imposed an upward variance and sentenced him to 60 months' imprisonment on each of Counts 1, 2, and 3, to be served concurrently. McGhee argues that the district court abused its discretion by improperly weighing the 18 U.S.C. § 3553(a) sentencing factors and imposed a substantively unreasonable sentence. He contends that a sentence of 41 months' imprisonment or less would reflect the gravity of the offense, adequately account for his mental health issues, and deter criminal conduct by similarly situated persons.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). A district court abuses its discretion when

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

it: (1) "fails to consider a relevant factor that should have received significant weight," (2) "gives significant weight to an improper or irrelevant factor," or (3) "commits a clear error of judgment in weighing" the appropriate factors. United States v. McCauley, 715 F.3d 1119, 1126-27 (8th Cir. 2013). The district court "has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (citation omitted).

In considering and applying the 18 U.S.C. § 3553(a) factors, the district court did not abuse its discretion. The district court considered McGhee's mental health challenges but expressed concerns about his history of failing to participate in treatment. Furthermore, the district court found his lack of criminal history and the fact that he graduated from high school to be mitigating. However, the district court identified several aggravating factors, including McGhee's history of threats and aberrant behavior, his lack of significant work history, the nature and circumstances of the present offense, and his stated intention not to comply with any restrictions placed on him by the Court or the probation office. On this record, we find no abuse of discretion in the district court's weighing of the § 3553(a) factors. The district court thoroughly considered the sentencing factors, including McGhee's mental health history and the aggravating circumstances that supported an upward variance. McGhee's disagreement with the weight the court assigned to particular factors does not show an abuse of discretion. See Richart, 662 F.3d at 1054 ("Simply because the district court weighed the relevant factors more heavily than [the defendant] would prefer does not mean the district court abused its discretion.").

For the foregoing reasons, we affirm the judgment of the district court.

_____